William GLANZMAN, doing business as Reyelle and Reyelle Photography, Inc., a New York corporation, Plaintiffs,

v.

Hon. Abraham FINKLE, as Postmaster, Hammels, Far Rockaway, New York, Defendant.

Civ. No. 15733.

United States District Court
E. D. New York.

May 20, 1957.

David T. Berman, Brooklyn, N. Y., for plaintiffs.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Joseph F. Soviero, Jr., Asst. U. S. Atty., Jamaica, N. Y., for defendant.

RAYFIEL, District Judge.

The plaintiffs, distributors of still photographs and motion pictures, who, after an administrative hearing by the Post Office Department, have been prohibited from using the mails because of the alleged violation of Section 259a of Title 39, U.S.Code, bring this action:

(1) To enjoin the defendant from carrying out the order, Number 55792, issued by the Solicitor of the Post Office Department, entered December 13, 1954, which directs the Post Office Department to return all mail addressed to plaintiffs and mark it "unlawful", etc., and to enjoin the defendant from interfering with mail addressed to plaintiffs; and (2) for a declaratory judgment decreeing that Section 259a of Title 39, U.S.Code is void for repugnance to the Constitution of the United States, in that it violates the First and Fifth Amendments thereof.

The plaintiffs moved for summary judgment and, after conference with counsel, a stipulation was entered into, agreeing as to the facts, and providing "that the Court shall have full power to enter full judgment herein, rendering a determination concerning all causes of action set forth in plaintiff's complaint herein."

There is no merit in plaintiff's claim that Section 259a of Title 39, supra, is unconstitutional. Its constitutionality was established in the case of Summerfield v. Sunshine Book Co., 95 U.S.App.D.C. 169, 221 F.2d 42, certiorari denied 349 U.S. 921, 75 S.Ct. 661, 99 L.Ed. 1253.

As to the plaintiff's demand for injunctive relief:

The order in question directs the Post Office Department to return all mail addressed to the plaintiffs. That would include orders for still photographs, slides, 8mm and 16mm motion pictures. The evidence submitted at the administrative hearing, upon which the Department's order was based, consisted of certain still photographs, slides, six 8mm motion picture reels, designated as respondents' exhibits 4–9 inclusive, and two 16mm motion picture reels, designated as "Alice Dunham, Reel 1 and Peggy Evans." The latter two reels were marked Department's Exhibits 6A and 6B3.

However, under the stipulation entered into herein the Government con-

cedes that the 8mm films, the slides, and the still photographs in question are *not* nonmailable within the meaning of Section 259a of Title 39. That leaves for determination the question of the mailability of the two 16mm films, hereinabove referred to. Those films were projected before me. I found both of them to be obscene, lewd, lascivious and indecent, within the meaning of the aforementioned statute.

It is my belief, therefore, that the order in question is too broad, and exceeds the power conferred upon the Postmaster by Section 259a of Title 39, U.S. Code. See Summerfield v. Sunshine Book Co., supra. Except as to the two 16mm films involved in the order, which I find to be violative of Section 259a, supra, the injunction is granted and the Postmaster General will modify this order issued against the plaintiff to conform with this decision. See Tourlanes Publishing Co. v. Summerfield, 98 U.S.App.D.C. 20, 231 F.2d 773; Oakley v. Summerfield, 98 U.S. App.D.C. 22, 231 F.2d 775.

Submit findings of fact, conclusions of law and decree in conformity herewith.